## GILLESPIE *v.* NEVILLE *et al.*

A NOTARIAL certificate of protest of a note is of itself presumptive evidence that the Notary had authority from the proper parties to make the protest.

It need not state that the persons requesting him to protest are the holders of the note, or the agents of the holders.

Although a protest is a nullity, unless made at the request of parties entitled to direct it, still the objection must appear from proof that such parties are strangers to the note, not from the mere omission in the certificate to state the fact of their interest.

APPEAL from the Sixth District.

Suit by holder against the maker and indorsers of a note. Defense, among other things, was, that defendants indorsed, on condition that the maker would deposit with one of them sufficient property to indemnify them against any liability; that said deposit was not made, and that the payee of the note knew of this fact before he took the note, as did also one English, from whom it is averred, plaintiff took the note without giving anything for it, and not being the real party in interest.

Plaintiff had judgment, defendants appeal.

*Hereford & Long,* for Appellant, cited: Story on Promissory Notes.

*Geo. Cadwalader,* for Respondent, cited Section 10 of Act concerning Notaries Public; Story on Promissory Notes, Sec. 297; *Nichols* v. *Webb,* 8 Wheat. 326—331; Chitty on Bills, 490—494.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The notarial certificate shows that the protest was made at the request of Drexel, Sather & Church, bankers, but does not state that they were at the time holders of the note, or agents of the holder, and this omission is the ground of the objection of the Appellant to the introduction of the certificate. It is, no doubt, true that the protest, when made by a Notary, must be authorized by some one connected with the note as holder or agent, or as being liable for its payment. A mere stranger cannot confer the authority. His request would give no validity to the Notary's act. The Notary's general authority under the statute only extends to cases properly in his hands; and his protest in other cases is a mere nullity. But the objection of the Appellant, however tenable, upon proof that the bankers were strangers to the note, cannot arise from the omission of the certificate. The presumption that the authority of the Notary was exercised in a proper case—in other words, upon the request of parties entitled to direct the protest to be made, attends the certificate; and the statement that the bankers were the holders of the paper, or agents for its collection, could not add to the force of this presumption.

The evidence offered that the indorsement was made upon the

27

promise of the maker to give the indorsers security against the liability they thus assumed, before putting the note in circulation, was properly rejected. No such defense is set up in the answer. It is not there averred that such security was to be furnished previous to the use of the paper, but only as upon an independent contract to indemnify the indorsers.

Judgment affirmed.